[No. F041885. Fifth Dist. May 27, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
SEUM SISAVATH, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I.B., II., III., IV., and V.

## Counsel

A. M. Weisman, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, Jeffrey D. Firestone and Kelly C. Fincher, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**WISEMAN, Acting P.** ▮▮▮ In this case we apply the recent decision of the Supreme Court in *Crawford v. Washington* (2004) 541 U.S. 36 [158 L.Ed.2d 177, 124 S.Ct. 1354] to a child victim's hearsay statements admitted in a sexual abuse prosecution under Evidence Code section 1360. In *Crawford*, the court announced the new rule that the admission of "testimonial" hearsay statements against a criminal defendant violates the confrontation clause of the Sixth Amendment if the declarant is unavailable to testify at trial and the defendant had no previous opportunity to cross-examine. In the published part of this opinion, we hold that the hearsay statements challenged here were inadmissible under the *Crawford* rule. The error necessitates the reversal of four of defendant Seum Sisavath's abuse convictions. Five other abuse convictions and two convictions for drug possession are unaffected.

In the unpublished part of this opinion, we consider defendant's four other grounds for appeal: 1) improper admission of expert testimony; 2) penalizing defendant for exercising his right to remain silent; 3) improper amendment of the information; and 4) cumulative error. We reject each of these.

The judgment is affirmed in part, reversed in part, and remanded.

### *FACTUAL AND PROCEDURAL HISTORIES*

Defendant was an acquaintance of Ly N., the mother of an 8 year old (Victim 1) and a 4 year old (Victim 2). He was introduced to Ly by Ly's

ex-husband, who sometimes had defendant care for Victim 1 and Victim 2. Over a period of about five months, from September 2001 to January 2002, defendant visited on several occasions with Victim 1 and Victim 2 at Ly's apartment. He sometimes spent the night in the living room or in the children's bedroom. Occasionally, he took the children away with him.

On January 29, 2002, Victim 2 told her mother that defendant had touched her private parts the night before. When questioned by her mother, Victim 1 made similar statements. Ly called the police. The responding officers took statements from Ly, Victim 1, and Victim 2. When defendant came to the house later that evening, Ly called the officers and they returned and arrested defendant. He had cocaine and marijuana in his pants pockets when he was arrested.

The police investigation revealed evidence of numerous instances of sexual abuse of Victim 1 and Victim 2. Defendant was charged by information with 10 counts of sexual abuse and two counts of narcotics possession. The sexual abuse charges fall into three groups according to the dates of the offenses. Counts 1, 2, and 3 charged that between November 1, 2001 and January 1, 2002, defendant committed two forcible lewd acts upon Victim 1 (Pen. Code, § 288 , subd. (b)(1))[1] and an assault of Victim 1 with intent to commit rape (§ 220). Counts 4 through 8 charged defendant with committing the following offenses on January 28 or January 29, 2002: an aggravated child sexual assault, forcible sexual penetration of Victim 1 (§ 269, subd. (a)(5)); an aggravated child sexual assault, forcible rape of Victim 1 (§ 269, subd. (a)(1)); a forcible lewd act upon Victim 1 (§ 288, subd. (b)(1)); an aggravated child sexual assault, forcible sexual penetration of Victim 2 (§ 269, subd. (a)(5)); and a forcible lewd act upon Victim 2 (§ 288, subd. (b)(1)). Counts 9 and 10 charged that between May 1, 2001 and January 27, 2002, defendant committed one lewd act (§ 288, subd. (a)) upon Victim 2 at her house and another in his truck. Count 11 charged possession of cocaine (Health & Saf. Code, § 11350, subd. (a)), and count 12 charged possession of marijuana (Health & Saf. Code, § 11357, subd. (b)). The information included multiple-victim allegations as to counts 1 through 10 pursuant to section 667.61, subdivision (b).

Trial evidence included testimony by Victim 1, a videotaped statement by Victim 2, and a police officer's testimony describing statements by Victim 1 and Victim 2. DNA test results were also introduced, showing that defendant's semen was found on a pair of panties on which cells from Victim 1 were also found. Other DNA test results showed that defendant's semen was on a blanket found in the children's bedroom. An expert on Child Sexual Abuse Accommodation Syndrome gave testimony bearing mainly on why a

---

[1] All statutory references are to the Penal Code unless indicated otherwise.

sexually abused child might not immediately report the abuse. A jury found defendant guilty of count 1 and counts 4 through 12. He was found guilty of the lesser-included offense of simple assault (§ 240) on count 3 and acquitted of count 2. The multiple-victim allegations were found true. The court sentenced defendant to an aggregate term of 32 years to life.

## *DISCUSSION*

### I. *Victim hearsay statements*

At trial the prosecution proffered Victim 2 as a witness. The court conducted a hearing to determine whether she was qualified to testify. After Victim 2 failed to respond to most of the questions that she was asked, the court concluded that she was disqualified because she could not express herself so as to be understood (Evid. Code, § 701, subd. (a)) and because she was incapable of understanding her duty to tell the truth (Evid. Code, § 701, subd. (b)).

Then the court took up the prosecution's contested motion to admit two sets of Victim 2's out-of-court statements pursuant to Evidence Code section 1360. They were a statement to Officer Matthew Vincent, one of the officers who responded when Ly called the police, and a videotaped interview with a trained interviewer at Fresno County's Multidisciplinary Interview Center (MDIC). The MDIC is a facility specially designed and staffed for interviewing children suspected of being victims of abuse.

The court took testimony by Vincent and an investigator from the District Attorney's office who attended the MDIC interview. On the basis of this testimony, the court found sufficient indicia of reliability. It also ruled that Victim 2 was unavailable to testify because of the disqualification ruling. Finding that the other requirements of Evidence Code section 1360 were satisfied, the court admitted the statements.

In his opening and reply briefs, defendant argued that hearsay statements by Victim 2 were improperly admitted at trial under the hearsay exception created by Evidence Code section 1360. While this appeal was pending, the Supreme Court announced its decision in *Crawford v. Washington, supra,* 124 S.Ct. 1354. *Crawford* announced a new rule regarding the effect of the confrontation clause on the admission of hearsay statements in criminal prosecutions. "[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final . . . ." (*Griffith v. Kentucky* (1987) 479 U.S. 314, 328 [93 L.Ed.2d 649, 107 S.Ct. 708].) At our request, the parties submitted supplemental briefs on the effect of *Crawford* on the admissibility of Victim 2's statements.

## A. *Effect of Crawford on the admissibility of Victim 2's statements*

In *Crawford*, the defendant was convicted of assault with a deadly weapon, partly on the basis of his wife's out-of-court, tape-recorded statement to police. The wife did not testify because the defendant invoked the spousal privilege. There was no pretrial opportunity for the defendant to cross-examine. After finding that the statement bore adequate indicia of reliability, the trial court admitted it into evidence based on the hearsay exception for statements against penal interest, because the wife was arguably a participant in the crime her statement described. (*Crawford v. Washington, supra,* 124 S.Ct. at pp. 1356–1358.)

The Supreme Court held that admission of the statement violated the confrontation clause. Where a hearsay statement is "testimonial," the confrontation clause bars the prosecution from using it against a criminal defendant unless the declarant is available to testify at trial, or the defendant had a previous opportunity to cross-examine the declarant. (*Crawford v. Washington, supra,* 124 S.Ct. at pp. 1363–1367.) The court held that this is so regardless of whether or not the statement falls within a state-law hearsay exception or bears indicia of reliability, overruling *Ohio v. Roberts* (1980) 448 U.S. 56 [65 L.Ed.2d 597, 100 S.Ct. 2531]. (*Crawford, supra,* at pp. 1369–1372.) It considered, without deciding, that testimonial dying declarations might be an exception to this bar and stated that they would be the only exception. (*Id.* at p. 1367, fn. 6.)

There is no doubt here that Victim 2 was made unavailable to testify by the disqualification ruling and no contention that defendant had a pretrial opportunity to cross-examine her. The important question, therefore, is whether her statements to Officer Vincent and in the MDIC interview were "testimonial."

The Supreme Court declined to define this key term. "We leave for another day any effort to spell out a comprehensive definition of 'testimonial.'" (*Crawford v. Washington, supra,* 124 S.Ct. at p. 1374.) But it did list "[v]arious formulations" of the class of testimonial statements: "'[E]x parte in-court testimony or its functional equivalent—that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially,' [citation]; 'extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions,' [citation]; 'statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial,' [citation]." (*Crawford v. Washington, supra,* 124 S.Ct. at p. 1364.)

The court further stated that "[w]hatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." (*Crawford v. Washington, supra,* 124 S.Ct. at p. 1374.) The court used the term " 'interrogation' " in "its colloquial, rather than any technical legal, sense." It reasoned that the statement at issue in the case was "knowingly given in response to structured police questioning" and consequently "qualifie[d] under any conceivable definition." (*Id.* at p. 1365, fn. 4.)

It is clear that Victim 2's statement to Officer Vincent was testimonial under *Crawford.* This statement was "knowingly given in response to structured police questioning." The People concede this.

The status of the MDIC interview statement is less obvious. The People contend that it is not testimonial. We disagree. The MDIC interview took place on June 12, 2002. By that time, the original complaint and information had been filed[2] and a preliminary hearing had been held. The deputy district attorney who prosecuted the case was present at the interview, along with an investigator from the district attorney's office. The interview was conducted by a "forensic interview specialist." Under these circumstances, there is no serious question but that Victim 2's statement was " 'made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.' " (*Crawford v. Washington, supra,* 124 S.Ct. at p. 1364.)[3]

The People argue that the statement was not testimonial because the interviewer was "not a government employee"; the MDIC is a "neutral location"; the interview might have been intended for a therapeutic purpose or related to removal proceedings and not intended for a prosecutorial purpose; the interview was not prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and it was not a police interrogation. They suggest we should either hold that the interview was not testimonial or remand for a finding on the purpose of the interview.

There is no need for a remand on this issue. None of the People's arguments are persuasive. The pertinent question is whether an objective observer would reasonably expect the statement to be *available for use* in a

---

[2] The People dismissed the information before the interview. A new complaint and information were filed after the interview.

[3] Conceivably, the Supreme Court's reference to an "objective witness" should be taken to mean an objective witness in the same category of persons as the actual witness—here, an objective four year old. But we do not think so. It is more likely that the Supreme Court meant simply that if the statement was given under circumstances in which its use in a prosecution is reasonably foreseeable by an objective observer, then the statement is testimonial.

prosecution. Victim 2's interview took place after a prosecution was initiated, was attended by the prosecutor and the prosecutor's investigator, and was conducted by a person trained in forensic interviewing. Under these circumstances, it does not matter what the government's actual intent was in setting up the interview, where the interview took place, or who employed the interviewer. It was eminently reasonable to expect that the interview would be available for use at trial. Nor does it matter that the interview was not part of one of the proceedings the Supreme Court mentioned by name. The court made it clear that it was not giving an exhaustive list.

■ We have no occasion here to hold, and do not hold, that statements made in every MDIC interview are testimonial under *Crawford*. We hold only that Victim 2's statements in the MDIC interview in this case were testimonial.

For these reasons, the admission of Victim 2's statements to Officer Vincent and in the MDIC interview violated the confrontation clause. In light of this conclusion, we need not discuss defendant's argument that the statements should have been excluded under Evidence Code section 1360.

I.B.–V.[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## *DISPOSITION*

The judgment is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

Gomes, J., and Dawson, J., concurred.

A petition for a rehearing was denied June 10, 2004, and appellant's petition for review by the Supreme Court was denied September 15, 2004.

---

[*]See footnote, *ante*, page 1396.