Filed 3/28/24  P. v. Johnson CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DAVID ANTHONY CALVIN JOHNSON,<br><br>        Defendant and Appellant. | A166152<br><br>(Lake County Super. Ct. No. CR953016) |

**MEMORANDUM OPINION**[1]

David Johnson was sentenced to eight years in prison after a jury convicted him of three counts of committing a lewd and lascivious act on a child under 14 years of age (Pen. Code, § 288, subd. (a)) and other crimes.  In this appeal, he contends that admitting two items into evidence at trial violated the Confrontation Clauses of the state and federal Constitutions: evidence of the child's pretrial Multi-Disciplinary Interview Center (MDIC) interview with law enforcement and the victim's statements to a nurse during a sexual assault response team (SART) examination.  (U.S. Const.,

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  We provide a limited factual summary because our opinion is unpublished, and the parties know or should know "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

6th Amend.; Cal. Const., art. I, § 15.) Reviewing these claims de novo, we reject Johnson's arguments and affirm the judgment accordingly. (*People v. Garcia* (2020) 46 Cal.App.5th 123, 168 [de novo review applies to claims that rights were violated under the Confrontation Clause].)

In relevant part, Evidence Code section 1360 provides for the admission of a prior "statement made by [a] victim when under the age of 12 describing any act of child abuse . . . performed with or on the child by another," as long as: (1) the "statement is not otherwise admissible by statute or court rule"; (2) "the time, content, and circumstances of the statement provide sufficient indicia of reliability"; and (3) the child "[t]estifies at the proceedings." (Evid. Code, § 1360, subd. (a)(1)–(a)(3)(A).) However, a statement admitted under section 1360 is still subject to the rule of *Crawford v. Washington* (2004) 541 U.S. 36: "[R]egardless of whether or not the statement falls within a state-law hearsay exception or bears indicia of reliability," if the "hearsay statement is 'testimonial,' the [C]onfrontation [C]lause bars the prosecution from using it against a criminal defendant unless the declarant is available to testify at trial, or the defendant had a previous opportunity to cross-examine the declarant." (*People v. Sisavath* (2004) 118 Cal.App.4th 1396, 1401 [applying *Crawford* rule].) This is because the Confrontation Clause requires a statement's reliability to "be assessed in a particular manner: by testing in the crucible of cross-examination." (*Crawford v. Washington*, *supra*, at p. 61.)

In the instant case, the parties agree that the six-year-old victim's MDIC interview was testimonial. Their disagreement concerns whether she was available to testify at trial in the relevant sense — that is, whether the child's trial testimony satisfied the Confrontation Clause by offering Johnson

2

a meaningful opportunity for cross-examination.[2]  (See *People v. Perez* (2016) 243 Cal.App.4th 863, 886.)

"Although the [C]onfrontation [C]lause ' "guarantees . . . 'an opportunity for effective cross-examination,' " ' it does not entitle defendants to ' " 'cross-examination that is effective in whatever way, and to whatever extent, [they] might wish.' " ' [Citation.]  In particular, it ' "includes no guarantee that every witness called by the prosecution will refrain from giving testimony that is marred by forgetfulness, confusion, or evasion.  To the contrary, the Confrontation Clause is generally satisfied when the defense is given a full and fair opportunity to probe and expose these infirmities through cross-examination, thereby calling to the attention of the factfinder the reasons for giving scant weight to the witness' testimony." ' " (*People v. Giron-Chamul* (2016) 245 Cal.App.4th 932, 965 (*Giron-Chamul*).)

On the other hand, a witness's outright refusal to answer questions on cross-examination may violate the Confrontation Clause.  (*People v. Giron-Chamul, supra*, 245 Cal.App.4th at p. 961.)  In this respect, Johnson likens his own case to *Giron-Chamul*, where such a refusal on the part of a child witness impeded cross-examination enough to result in a Confrontation Clause violation.  (*Id*. at p. 968.)  However, the record here does not demonstrate that Johnson's cross-examination of the child was similarly impeded.  In *Giron-Chamul*, the witness "would not answer hundreds of . . . questions" on cross-examination, "including approximately 150 questions on important topics . . . ."  (*Id*. at p. 966.)  She expressly refused to answer some questions, responded to other questions by moving her mouth without speaking, and repeatedly hid under the table or walked around the room during cross-examination.  (*Id*. at pp. 947–953.)

---

[2] The victim was nine years old at the time of her trial testimony.

By contrast, the entire cross-examination here comprised some 176 questions, less than half of which were substantive. On only two occasions during cross-examination did the child evince a complete unwillingness to answer questions. When defense counsel asked the child when she last spoke to her mother about what would happen in court, the child said, "I don't know." Two questions later, she admitted that sometimes she says "I don't know" so that the attorney will move on and stop asking questions.[3] And the child gave no answer when defense counsel asked, "What do you think we're all talking about here?" But to the vast majority of defense counsel's questions — including those dealing with the MDIC interview and Johnson's alleged conduct — the child's answers were "yes" or "no."

As noted in *Giron-Chamul*, a survey of cases touching the issue reveals "a continuum on which the right to an opportunity for effective cross-examination is more likely violated as the number of relevant questions that go unanswered increases." (*People v. Giron-Chamul, supra,* 245 Cal.App.4th at p. 968.) In light of the facts recounted above, we conclude that Johnson's case is firmly on the side of the continuum where no violation is likely to have occurred. If the child was not effectively cross-examined, it might have been because Johnson's attorney reasonably believed the prospect of more incisive or aggressive questioning to be counterproductive. In that event, the present case would be analogous to one in which "the defendant had an opportunity for cross-examination but chose to forgo it as a matter of strategy" — a category specifically distinguished by *Giron-Chamul*. (*Id.* at p. 964.) If we were to find that effective cross-examination is curtailed whenever a witness's answers merely *suggest* an unwillingness to cooperate, we would

_____

[3] The only other time the child said "I don't know" on cross-examination was in response to a question about what kind of dog Johnson had.

necessarily create the absurd incentive not to conduct a rigorous cross-examination whenever such a suggestion of unwillingness appeared. We decline to create that incentive here.

Johnson also argues that the admission of the child's hearsay statements to a certified sexual assault forensic examiner (SART nurse) violate the Confrontation Clause. On the same day of the child's initial disclosure, the child was physically examined by a SART nurse who took contemporaneous notes of what the victim said. These statements claimed that a "candy cane broke leaving a red mark on [her] vagina," and that "a person had her using a candy cane and rubbing her vaginal area." She claimed that a person " 'licked my,' " and then pointed to her vaginal area. The victim identified "Dave" as the person doing these things. After a preliminary fact hearing (Evid. Code, § 402) where the nurse explained which statements were attributable to the child, Johnson objected only to the nurse testifying to statements made by "any person other than the child."

Because there was no objection, this issue is forfeited on appeal. (*People v. Stevens* (2015) 62 Cal.4th 325, 333 [failure to object to the admission of expert testimony or hearsay at trial forfeits an appellate claim that such evidence was improperly admitted].) However, even if the issue were not forfeited, the claim would nonetheless fail. First, during cross-examination of the victim, Johnson asked only one question about the forensic examination to confirm that the victim's mother was with her in the room during the SART examination. The victim answered, "Yes." Secondly, at the end of the trial, the court gave a limiting instruction to the jury concerning the victim's statements at the examination, explaining that the victim's verbal statements to the SART nurse may only be considered "to evaluate the expert's opinion. Do not consider that statement as proof that

the information contained in the statement is true." Accordingly, were we to consider the issue, we would necessarily conclude that the victim's statements to the SART nurse do not implicate Confrontation Clause concerns.

On this record, Johnson had a " ' "full and fair opportunity" ' to test the young witness's knowledge and credibility before the jury." (*People v. Giron-Chamul, supra,* 245 Cal.App.4th at p. 966.) Admitting the MDIC interview did not violate the Confrontation Clause.

## DISPOSITION

We affirm.

SMILEY, J.*

We concur:

BROWN, P. J.
GOLDMAN, J.

*People v. Johnson* (A166152)

---

* Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.